LEHMAN v. COMMISSIONER OF INTERNAL REVENUE.

No. 228.

Circuit Court of Appeals, Second Circuit.

June 24, 1942.

Laurence Graves, of Washington, D. C.
(J. S. Y. Ivins, of Washington, D. C., of
counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen.,
and Sewall Key and Carolyn E. Agger, Sp.
Assts. to Atty. Gen., for respondent.

290

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge. .

█ Section 23(k) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 23(k)(1), provides for deduction of "debts ascertained to be worthless and charged off within the taxable year * * *; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction." Treasury Regulations 86, Art. 23(k)-1 provides, "Before a taxpayer may charge off and deduct a debt in part, he must ascertain and be able to demonstrate, with a reasonable degree of certainty, the amount thereof which is uncollectible." That Regulation is entirely reasonable and valid. As a result, petitioner had the burden, at least, of demonstrating with a reasonable degree of certainty that the amount of the debts she sought to charge off was worthless. ₍The Board found that she did not discharge that burden, and its findings are amply supported by the evidence. It may be that the evidence shows a justification for some partial deduction of the debt. But merely by claiming a large partial deduction, a taxpayer cannot put on the Commissioner the task of ascertaining that a substantially smaller deduction might have been justified. If the discrepancy between the partial deduction made by the petitioner and what would have been a justified partial deduction had been relatively small, our decision might have been different.

█ Petitioner, in ascertaining the amounts she deducted, relied solely upon the fact that the debtor corporations were involved in bankruptcy reorganization proceedings and upon the market values. Market values, in such circumstances as existed here, are often highly unreliable; that in one of the instances they happened to be a fairly accurate guess of what the bondholders received at the end of the reorganization proceedings, is immaterial. The book figures of the debtors indicated sufficient worth to make the debts entirely collectible at some future date; the earnings perhaps indicated the contrary, but they were not nearly so small as to warrant the amount of deduction taken by petitioner. It is the duty of a bankruptcy court to dismiss a proceeding under section 77B when there is no longer a likelihood of consummating the reorganization plan. That such proceedings had not been dismissed when the petitioner made her deductions raises a strong presumption that reorganization was by no means hopeless. Cf. Mayer Tank Mfg. Co. v. Commissioner, 2 Cir., 126 F.2d 588, 589, 591, 592.[1] To be sure, the absence of such hopelessness could not be taken as a guarantee that petitioner would be paid in full; but the pendency of the reorganization proceedings and the amount of the corporate earnings, taken together, served to show that petitioner was indulging in mere conjecture which, as of the date of the deductions, could not be substantiated with a reasonable degree of certainty.

The order of the Board of Tax Appeals is affirmed.

---

[1] Petitioner's "subjectivity" argument, based upon our decision in Rosenthal v. Helvering, 2 Cir., 124 F.2d 474, was disposed of in Mayer Tank Mfg. Co. v. Commissioner, supra.